## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**WILLIE SLOCUM, JR.**,

     **Movant,**

v.                    **Case No. 2:17-cv-03759**
                             **Criminal Case No. 2:13-cr-00274**

**UNITED STATES OF AMERICA,**

     **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On August 4, 2017, Movant, Willie Slocum, Jr. ("Slocum"), submitted a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. (ECF No. 165). [1] Pending before the Court are Slocum's Supplemental Motion to Dismiss the Indictment in Light of *Rehaif*, (ECF No. 197); Letter-Form Motion to Take Notice and Apply *Gamble* to Case, (ECF No. 198); Supplemental Motion to Amend His Argument Regarding § 922(g)(1) Claims in Light of *Rehaif*, (ECF No. 199); Motion for the Court to Take Notice of Two Recent Court Decisions under *Rehaif*, (ECF No. 201); Motion for Leave to File the Attached Answer Beyond Page Limit, (ECF No. 210); and Respondent's Omnibus Response and request for dismissal. (ECF No. 207). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United

---

[1] The citations in this PF&R reference Movant's criminal case: *United States v. Slocum*, No. 2:13-cr-00274-1 (S.D.W. Va. 2013).

States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having determined from a thorough review of the record that Slocum clearly is not entitled to relief under 28 U.S.C. § 2255 based on his various motions, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Movant's Motion for Leave to File the Attached Answer Beyond Page Limit, (ECF No. 210); **GRANT** Respondent's Omnibus Response and request for dismissal, (ECF No. 207); **DENY** the following**:** Movant's Supplemental Motion to Dismiss the Indictment in Light of *Rehaif*, (ECF No. 197); Letter-Form Motion to Take Notice and Apply *Gamble* to Case, (ECF No. 198); Supplemental Motion to Amend His Argument Regarding § 922(g)(1) Claims in Light of *Rehaif*, (ECF No. 199); and Motion for the Court to Take Notice of Two Recent Court Decisions under *Rehaif*. (ECF No. 201); and **DISMISS** this case, removing it from the docket of the Court.

## I.     <u>Factual and Procedural History</u>

On July 22, 2014, a federal grand jury sitting in the Southern District of West Virginia returned a second superseding indictment, charging Slocum with one count of conspiracy to distribute more than one kilogram of heroin, ("Count One"); one count of conspiracy to distribute a quantity of oxycodone, ("Count Two"); two counts of possession of a firearm while being a convicted felon ("Count Three" and "Count Four"); and one count of using intimidation to corruptly persuade a person with the intent of preventing that person's testimony in an official proceeding ("Count Five"). (ECF No. 29 at 1-5). On November 7, 2014, following a four-day federal trial, the jury returned from its deliberations and announced a verdict of guilty on all counts. (ECF No. 148 at 98-99).

On February 4, 2015, Slocum appeared before the United States District Court for the Southern District of West Virginia ("District Court") for sentencing. (ECF No. 149 at 1). Following a hearing, the District Court imposed a sentence of 30 years on Count One; 20 years on Count Two; 10 years on Count Three; 10 years on Count Four; and 20 years on Count Five. All sentences were set to run concurrently to Count One, giving Slocum a total sentence of 30-years imprisonment. (Id. at 72-73). The District Court additionally sentenced Slocum to a five-year period of supervised release. (Id. at 73).

On April 22, 2016, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") denied Slocum's appeal and affirmed the judgment of the District Court. *See United States v. Slocum*, 646 F. App'x 294, 295 (4th Cir. 2016). Slocum's motion to file a *pro se* supplemental brief was additionally denied. *Id*. at 297. On October 3, 2016, the Supreme Court of the United States ("Supreme Court") denied Slocum's petition for a writ of certiorari. (ECF No. 162 at 1).

On August 4, 2017, Slocum filed a 217-page typewritten document, which he entitled "Slocum Moves Under Section[s] 2255, 2241, 1651, of Title 28 United States Code and *Audita Querela, Coram Nobis*." (ECF No. 165). In this document, Slocum raises numerous challenges to the validity of his conviction and sentence. The petition was referred to the undersigned for Findings of Fact and Recommendations for disposition. (ECF No. 166).

On May 6, 2019, the undersigned submitted Proposed Findings and Recommendations ("PF&R") wherein the undersigned recommended that Slocum's § 2255 petition be denied and Respondent's motion for dismissal of the petition be granted. (ECF No. 193). Slocum submitted his Objections to the PF&R on May 28, 2019. (ECF No. 196). On July 11, 2019, Slocum submitted a document entitled Supplemental Motion to

3

Amend His Argument Regarding § 922(g)(1) Claim in Light of *Rehaif*. (ECF No. 197). In the motion, Slocum argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191  (2019), renders his indictment invalid. (*Id*. at 1-2). Slocum asserts that United States failed to ever inform the grand jury that it must find Slocum knew he was prohibited from owning a firearm due to his status as a felon. (*Id*. at 2).

Slocum further makes arguments related to his rights under the Second Amendment to the United States Constitution ("Second Amendment"), saying that he "has always believed that he possessed a Second Amendment Right to have a firearm." (*Id*.). Slocum contends that as he "had no idea that he did not have a Second Amendment right to possess a firearm," this Court must vacate his convictions and order a new trial in light of *Rehaif* and *Lambert v. People of the State of California*, 355 U.S. 225 (1957). (*Id*. at 5).

On July 25, 2019, Slocum submitted a Motion asking the Court to Take Notice and Apply *Gamble* to Case. (ECF No. 198). Slocum contends that the Supreme Court's decision in *Gamble v. United States*, 139 S. Ct. 1960 (2019), provides further support for the claim he raised in his pending § 2255 petition that his convictions were obtained in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution ("Fifth Amendment"). (*Id*. at 1). Slocum also indicates his belief that a concurring opinion submitted by Justice Thomas provides support for arguments Slocum made related to the commerce clause and the Tenth Amendment to the United States Constitution ("Tenth Amendment"). (*Id*. at 1-2).

On August 15, 2019, Slocum submitted a Motion entitled Slocum Moves to Amend His Arguments[s] Regarding the § 922(g) Claim In Light *Rehaif*. (ECF No. 199). In this motion, Slocum again asserts that the Supreme Court's decision in *Rehaif* renders his

conviction for being a felon in possession of a firearm invalid. (*Id.* at 1). Slocum states that he "is actually innocent of his convictions under 18 U.S.C. § 922(g)(1) because is believed [sic] that he had a Second Amendment right to have a gun." (*Id.*). Slocum asserts that the United States failed to prove that he knew he was unable to own a weapon, and also claims that the statute under which he was convicted is unconstitutional given his Second Amendment right to possess a firearm. (*Id.* at 1-2).

Finally, on September 18, 2019, Slocum submitted a Motion for the Court to Take Notice of Two Recent Court Decisions under *Rehaif*. (ECF No. 201). Slocum calls the Court's attention to two court cases from the Tenth Circuit: *United States v. Haag*, 773 F. App'x 1042 (10th Cir. 2019), and *United States v. Mansfield*, No. 18-CR-00466-PAB, 2019 WL 3858511 (D. Colo. Aug. 16, 2019). Slocum asks this Court to take notice of these cases and their disposition. (*Id.* at 1).

On November 19, 2019, the District Court entered an Order, referring the various motions filed by Slocum since the entry of the PF&R recommending dismissal, to the undersigned for consideration. (ECF No. 205). On November 25, 2019, the undersigned entered an Order directing Respondent to respond to Slocum's various motions. (ECF No. 206). Respondent complied, submitting an Omnibus Response on December 20, 2019. (ECF No. 207). Respondent contends that Slocum's request to amend his § 2255 petition should be denied. (*Id.* at 1-2). Respondent believes Slocum is unable to amend his petition to assert a claim under the aegis of *Rehaif* primarily because "the record clearly supports [Slocum's] knowledge of his prohibited status at the time he possessed the firearms." (*Id.* at 10). Respondent asserts that for Slocum to claim he was unaware of his status as a convicted felon, as is necessary to avail himself of the right recognized in *Rehaif*, is "absurd" in view of the clear evidence that Slocum was aware of his status. (*Id.* at 11).

Respondent further contends that Slocum should not be permitted to amend his petition to include a new claim based on the Second Amendment as it does not "relate back" to the original petition and is, in any event, entirely baseless. (*Id.* at 12-13). Respondent discusses the two cases from the Tenth Circuit which Slocum asked this Court to consider, and concludes that they are not relevant to Slocum's petition. (*Id.* at 15). Finally, Respondent argues that Slocum fails to identify how the decision in *Gamble* affects his petition; thus, his motion requesting this Court to apply this case to his habeas petition should be denied. (*Id.* at 13-14).

On January 31, 2020, Slocum submitted a response entitled "Slocum Submits His Answer to the Government's Red-Herring Response." (ECF No. 210-1). As Slocum's response is 105 pages, Slocum requests leave to "exceed the page limit for filing an answer brief." (ECF No. 210 at 1). In the response, Slocum contends that in his submission he "very specifically pointed to rule 29, in conjunction with rule 45 as a measure for resolving his claims under *Rehaif*." (ECF No. 210-1 at 2). Slocum asserts that Respondent's failure to address these claims, should be construed as an "intentional abandonment," and this Court should rule in his favor. (*Id.*).

Slocum additionally faults Respondent for not addressing his claim that the indictment itself, not just his conviction, was invalid in light of *Rehaif*. (ECF No. 210-1 at 5). Slocum reiterates his arguments that he is entitled to relief under *Rehaif* and *Gamble,* at length, and disputes Respondent's assertions that he is barred from raising these issues. (*Id.* at 10-30).

## II.    <u>Standard of Review</u>

Slocum filed the instant § 2255 motion in August 2017. A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a

separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## III.    **Discussion**

Slocum asks that he be permitted to supplement his petition in order to add new arguments based on the Supreme Court's decision in *Rehaif*. (ECF Nos. 197, 198, 201). Slocum further asks this Court to "take notice and apply" the recent decision in *Gamble* to his case, arguing that it supports several of the arguments he raised in the initial § 2255 petition. (ECF No. 198). The undersigned construes these various motions as a request to

amend the petition under Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("[C]ourts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion."). Rule 15(a) allows a party to amend its pleading once as a matter of course within 21 days of serving the pleading or receiving a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases," a party is permitted to amend the pleading "only with the opposing party's written consent or the court's leave." The court, however, "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Fourth Circuit has clarified that "[u]nder Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *Pittman,* 209 F.3d at 317 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, if it is evident that allowing Slocum to amend his petition would be futile, the motion to amend should be denied. *See Hemetek v. United States,* No. CIV.A. 3:11-0579, 2012 WL 3870605, at *9 (S.D.W. Va. Sept. 6, 2012), *aff'd*, 527 F. App'x 261 (4th Cir. 2013) (collecting cases); *see also Livingston v. United States*, No. 2:97CR39, 2014 WL 12660986, at *2 (E.D. Va. Oct. 17, 2014) ("Therefore, if a proposed amendment to a Section 2255 Motion would be dismissed as plainly not entitled to relief, such an amendment would be considered futile for the purposes of Rule 15 analysis."). The undersigned will therefore consider Slocum's various motions in turn and determine whether allowing him to add additional claims based on the arguments raised would be futile.

### A. Claims based on *Rehaif*

Slocum has filed three motions based on the decision in *Rehaif*. (ECF Nos. 197, 199, 201). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g),

which prohibits certain individuals from owning firearms, the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm, and that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. The Supreme Court in *Rehaif* was confronted with this question in the context of a defendant who was convicted under Section 922(g)(5)(A) which makes it a crime for aliens who are in the United States "unlawfully" to possess a firearm. *Id.* The defendant was present in the United States on a nonimmigrant student visa which allowed him to attend a university. After the defendant received poor grades, he was dismissed from the university and informed that his immigrant status would be terminated if he did not transfer to a different university or leave the country. *Rehaif,* 139 S. Ct. 2191, at 2194. The defendant did neither, but did subsequently visit a firing range where he shot two firearms. The United States sought and obtained a conviction for the possession of these firearms based on the defendant's status as an illegal alien. At trial, over the objection of the defendant, the district court instructed the jury that the "United States is not required to prove that [the defendant] knew that he was illegally or unlawfully in the United States." *Id.* (internal quotation omitted).

The Supreme Court agreed with the defendant's argument that the jury instruction was in error with respect to the defendant's knowledge of his prohibited status, and, in contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. In so holding, the *Rehaif* Court rejected the argument presented by

the United States that the defendant's immigration status was a question of law, not fact, and thus subject "to the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Id.* at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

In rejecting this argument, the Supreme Court distinguished the normal application of that maxim, where "a defendant has the requisite mental state in respect to the elements of the crime but claims to be unaware of the existence of a statute proscribing his conduct," from the situation presented in that case, where "a defendant has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct, thereby negating an element of the offense." *Rehaif,* 139 S. Ct. 2191, at 2198 (quotations omitted). The Supreme Court determined that the defendant fit into the second category as his "status as an alien 'illegally or unlawfully in the United States' refers to a legal matter, but this legal matter is what the commentators refer to as a 'collateral' question of law." *Id.* Accordingly, "[a] defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." *Id.* As the *Rehaif* Court concluded that the district court's instruction, informing the jury that it was not necessary for the Government to show that the defendant was aware he was illegally present in the United States when he possessed the firearms, was in error, it remanded the case to the district court to consider if this error was harmless. *Id.* at 2200.

Slocum raises at least two distinct arguments in his motions filed pursuant to this decision. First, he argues that the convictions under § 922(g) should be overturned as the United States failed to prove, both to the Grand Jury and at trial, that Slocum was aware of his prohibited status as a felon. (ECF No. 197 at 4). Second, Slocum raises the argument

that he is "actually innocent" of this conviction because he believed he had a Second Amendment right to own a firearm. (ECF No. 199 at 1-2). This second argument lacks clarity and, due to contradictory statements made in the motions, it is unclear whether Slocum is arguing that he is innocent of this conviction because he mistakenly believed he was entitled to legally possess a firearm under the Second Amendment, or if he is arguing that he in fact *was* entitled to possess a firearm due to the unconstitutional nature of the law which prohibited him from owning one. (*Id.*). Slocum is not entitled to relief under any version of these arguments, however.

As an initial matter, Slocum has not shown that the *Rehaif* decision is retroactively applicable to cases on collateral review, and Fourth Circuit law, albeit somewhat sparse, weighs against him. *See, e.g., Sadler v. United States*, No. 3:19-cv-00655-FDW, 2019 WL 6833894, at *2 (W.D.N.C. Dec. 13, 2019) (holding that *Rehaif* merely clarified the requirements of 18 U.S.C. § 922(g) and was not made retroactive on collateral review); *Pierce v. United States*, No. 4:17-CR-00256-RBH-1, 2020 WL 774404, at *4 (D.S.C. Feb. 18, 2020) ("Moreover, the Supreme Court has not made *Rehaif* retroactive to cases on collateral review."); *Williams v. United States*, 3:19-cr-00550-MOC, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) (holding that "*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)" and was not made retroactive by the Supreme Court.); *Marcellas Hoffman, Petitioner v. Warden Breckon, Respondent*, No. 7:18-CV-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) ([T]he Supreme Court did not indicate that *Rehaif* was retroactively applicable to cases on collateral review."). Even if it is assumed that *Rehaif* announced a new rule of law applicable retroactively to cases on collateral review, Slocum

is not entitled to relief based on *Rehaif* because, as fully explained below, his claims based on this case lack merit.

### 1. Failure to prove knowledge of status at trial

*i.) Failure based on Slocum's belief in constitutional right to possess firearms*

Slocum asserts that he is entitled to reversal of his convictions under § 922(g) because "[t]her [sic] is absolutely no evidence offered by the Government to even suggest that Slocum 'knew' that he was purportedly in that class of individuals who were not to have a weapon for protection." (ECF No. 199 at 2). Slocum vacillates between asserting that he was simply unaware of his prohibited status, (ECF No. 197 at 4), and asserting that, even if aware of his prohibited status, he had a genuine belief that he was nonetheless entitled to own a firearm under the Second Amendment. (ECF No. 201 at 1). In his reply to Respondent's Omnibus Response, he focuses solely on the latter argument, that the United States was unable to prove he knew of his prohibited status because he believed the Second Amendment granted him the right to own a firearm regardless of his status as a convicted felon. (ECF No. 210-1 at 9, 16-17).

This Court, as well as every other court in this Circuit to consider this question, has rejected the broad reading of *Rehaif* implied by Slocum's second argument. The holding in *Rehaif* was clear, the government must prove that a defendant both knowingly possessed firearms, and that the defendant was aware of his *status* as a prohibited person, not that he was aware of the statutory provision which prohibited those who had obtained the specified status from possessing firearms. *See United States v. Collins*, No. 5:18-CR-00068, 2019 WL 3432591, at *2 n.2 (S.D.W. Va. July 30, 2019) ("The Defendant herein was aware of his status as a person who had been committed to a mental institution, as admitted and found by the jury. His asserted belief that he was nonetheless permitted to

possess a firearm constitutes an impermissible claim of lack of awareness of the existence of a statute proscribing his conduct, rather than the permissible mistake as to the legal effect of a collateral matter."); *Allen v. United States*, No. 1:15-CR-64-MOC-WCM-1, 2019 WL 6359164, at *4 (W.D.N.C. Nov. 27, 2019) ("Petitioner does not challenge the existence of the prior convictions but rather, his subjective understanding of their effect on his ability to possess firearms); *Dwight E. Moss, Petitioner v. Warden B. Dobbs, Respondent,* No. 819CV02280JMCJDA, 2019 WL 7284989, at *8 (D.S.C. Sept. 23, 2019) ("However, the Government is not required to prove that a defendant knew that he could not possess a firearm; instead, the Government only must prove a defendant knew his status and knowingly possessed a firearm—which the Government did in this case."); *and Owens v. United States*, No. 5:06-CR-26-BR, 2019 WL 6627477, at *2 (E.D.N.C. Dec. 5, 2019) (conviction valid under *Rehaif* where petitioner clearly aware that he had been convicted of a crime punishable by a term of imprisonment for more than one year).

Thus, to the extent that Slocum's argument regarding the Second Amendment is an attempt to show he did not know he was prohibited from owning a firearm because he believed he had a right to carry a firearm despite his status as a felon, this argument is simply unavailing as it is a paradigmatic example of a "mistake of law," carefully distinguished by the *Rehaif* Court from a mistake of fact regarding one's prohibited status. *See* 139 S. Ct. at 2198. The undersigned accordingly **FINDS** that Slocum's request to amend his petition to include this claim should be dismissed as such an amendment would be futile.

### ii.) Knowledge of status as felon

In order to be entitled to relief under *Rehaif*, Slocum must show ***not*** that he subjectively believed he had a right to own a firearm despite his felon status, but that he

was, in fact, unaware of his status as a felon. This Slocum is clearly unable to do. Slocum

entered into two stipulations with the United States regarding the firearms charges. The

first stipulated that the firearms in question had traveled in and affected interstate

commerce. (ECF No. 147 at 246). The second stated that Slocum had:

> been convicted of a crime punishable by imprisonment for a term exceeding
> one year. That is, he is a convicted felon, as defined in 18, United States
> Code, Section 921(a)(20), and as alleged in Counts Three and Four of the
> second superseding indictment. He has not had his civil rights restored to
> possess a firearm.

(*Id.* at 245-46). Given Slocum's stipulation to his status as a felon, the United States did

not present any additional evidence regarding Slocum's felon status, and the jury was not

instructed that it must find that Slocum knew he was a convicted felon. Claims raised in

a § 2255 motion, which assert an error in the jury instructions provided at trial based on

a newly created interpretation of law, are subject to harmless error review. *See United*

*States v. Smith*, 723 F.3d 510, 515 (4th Cir. 2013).

Some courts have considered a defendant's stipulation to felony status to be

binding against a later attempt to deny that status or knowledge of it. *See Dwight E. Moss,*

*Petitioner, v. Warden B. Dobbs, Respondent.*, No. 819CV02280JMCJDA, 2019 WL

7284989, at *6 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, No. 8:19-

CV-02280-JMC, 2019 WL 5616884 (D.S.C. Oct. 31, 2019) ("Importantly, Petitioner

entered a stipulation at trial, which is fatal to his *Rehaif* claim."); *United States v. Denson*,

774 F. App'x 184, 185 (5th Cir. 2019) (defendant's stipulation that he was a felon, among

other record evidence, refuted his claim he was unaware of his status); *Walker v.*

*Quintana*, No. CV 5: 19-321-DCR, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019)

("Therefore, even where *Rehaif* makes clear that the jury instructions used at trial

misstated the law, a defendant's stipulation to his status as a felon at trial renders the

error harmless…"). In addition to his stipulation, the record reveals that Slocum had an extensive criminal history at the time he possessed the firearms that formed the basis of his § 922(g) convictions; including, convictions obtained in 1999 for assault with intent to murder, second-degree murder, and felony possession of a firearm under Michigan state law. The Presentence Report (PSR) prepared for Slocum's sentencing hearing reflects that on August 13, 1999, Slocum was sentenced to a maximum of 26 years in prison for the violations of Michigan state law. (ECF No. 135). Slocum did not object to the criminal history portion of the PSR at sentencing.[2] Slocum was released from custody in 2011, after serving over 12 years in prison.

Additionally, as pointed out by Respondent, in the course of making an argument at sentencing regarding the applicability of United States Sentencing Guidelines enhancements, Slocum demonstrated extensive knowledge of his prior state convictions and their legal significance. (ECF No. 149 at 20). The parties engaged in extended discussion of these convictions and at no point did any party suggest Slocum was not in fact convicted on these charges, or that he did not serve lengthy sentences pursuant to those convictions. In considering the appropriate sentence, the District Court explicitly noted that Slocum had "a record that's a very serious one," and that as a consequence of this record, Slocum had served over a decade in prison. (*Id.* at 69).

---

[2] Multiple courts have found that a PSR detailing the defendant's criminal history which was not objected to at sentencing can establish the defendant's knowledge of his criminal history. *See e.g.*, *Allen v. United States*, No. 1:15-CR-64-MOC-WCM-1, 2019 WL 6359164, at *4 (W.D.N.C. Nov. 27, 2019) (relying on unobjected to PSR in conjunction with other aspects of the record to establish that defendant was aware of felony convictions); *United States v. Gilcrest*, No. 17-15317, 2019 WL 6273396, at *4 (11th Cir. Nov. 25, 2019) ("[Petitioner] admitted those facts [regarding prior convictions] at sentencing by failing to object to the relevant parts of the Presentence Investigation Report."); *Denson*, 774 F. App'x at 185 (relying partially on PSR to establish defendant's knowledge of criminal history); *United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019) (same); *Nixon v. United States*, No. 4:17-CR-189-A, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same).

Accordingly, the record conclusively shows that Slocum served over 12 years in prison pursuant to four felony convictions, including convictions for second-degree murder and assault with intent to murder. Under these circumstances, any attempt by Slocum to argue that he was unaware of his status as a felon at the time he possessed the firearms is patently implausible and frivolous. In order to be entitled to relief under *Rehaif*, Slocum would have to demonstrate that he was unaware that he had been convicted of a crime punishable by a term of imprisonment exceeding one year—despite having finished a nearly 13-year sentence for violent crimes just eighteen months before possessing the firearms. Considering Slocum's undisputed criminal history, *Rehaif* is simply not applicable to his case. *See Shrader v. United States*, No. 1:09-CR-00270, 2019 WL 4040573, at *4 n.2 (S.D.W. Va. Aug. 27, 2019) ("As discussed, [the petitioner] had been convicted of two counts of first degree murder, one count of unlawful wounding, and one count of escape, and had served a substantial prison sentence. The facts of his case do not suggest he could bring a non-frivolous claim that he was unaware of his status as a felon at the time of the offense."); *United States v. Ward*, No. 19-10470, 2019 WL 6461259, at *7 (11th Cir. Dec. 2, 2019) ("The fact that [the defendant] received multiple sentences of more than one year of imprisonment for serious felonies—and in fact served nearly eight years in prison—indicates that he knew that his prior offenses were punishable by more than one year of imprisonment."); *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (defendant was unable to demonstrate any error in jury instructions under *Rehaif* where he had served four years in prison and was clearly aware of felon status); *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (clear defendant was aware of his status as felon where he was convicted of multiple crimes permitting imprisonment of more than one year); *United States v. Williams*, 946 F.3d

16

968, 973 (7th Cir. 2020) (holding that because the defendant had served 12 years in prison, he could not "plausibly argue that he did not know his conviction had a maximum punishment exceeding a year.").

Slocum discusses a recent Fourth Circuit decision, *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020), in his reply to Respondent's Omnibus Response. (ECF No. 210-1 at 22-23). In that case, the Fourth Circuit considered, on direct appeal, whether a defendant's guilty plea to a conviction under § 922(g)(1) remained valid in light of the Supreme Court's intervening decision in *Rehaif*, as well as the presiding Judge's error in failing to inform the defendant that he was subject to a mandatory 15-year minimum sentence due to his status as an armed career criminal. *Lockhart,* 947 F.3d at 190. The Fourth Circuit determined that the presiding Judge erred both in failing to inform the defendant that he would be exposed to the enhanced sentence, and in failing to inform the defendant that the Government would be required to prove the defendant knew that he belonged to the relevant category of people prohibited from owning firearms as an element of the crime. *Id.* at 196. The Fourth Circuit declined to decide whether the defendant was required to demonstrate prejudice with respect to the *Rehaif* error, as the two errors "in the aggregate" were sufficient to establish plain error under any standard applied. *Id.* at 196-97. As this case was decided on direct appeal, and considered the effect of aggregate errors on the prejudice inquiry, it is not particularly applicable or helpful in illuminating the claims advanced by Slocum.

As the record is unequivocal that, at the time he possessed the firearms, Slocum knew that he had been convicted of crimes with a maximum penalty of more than a year in prison, and, consequently, must have known his status as a felon, he is unable, beyond all reasonable doubt, to demonstrate any harm stemming from a failure to inform the jury

that it must find he was aware of his prohibited status in order to convict under Section 922(g). Slocum is thus unable to bring this claim in a § 2255 petition as he cannot demonstrate that any such error had "a substantial and injurious effect or influence" on the outcome. *Smith*, 723 F.3d at 517. Accordingly, the undersigned **FINDS** that this claim is clearly futile, and Slocum should not be permitted to add it to his pending § 2255 petition.

### 2. Failure to present evidence of knowledge of status to grand jury

Slocum asserts that evidence of his knowledge of his status as a felon was not presented to the grand jury rendering his indictment defective. (ECF No. 197 at 2). This claim is unavailing for much the same reason that Slocum's objection to the failure to present such evidence to the petit jury is meritless; it is pellucidly clear that Slocum was aware of his prohibited status.

In order to pass constitutional muster, an "'indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009) (quoting *United States v. Darby*, 37 F.3d 1059, 1063 (4th Cir.1994)). The indictment need not be excessively formal, but should consist of "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *United States v. Griffith*, 115 F. Supp. 3d 726, 734 (S.D.W. Va. 2015) (quotation omitted). "In fact, an indictment that merely tracks the statutory language is ordinarily valid." *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987).

Here, Slocum was charged with being a felon in possession of a firearm under  § 922(g)(1) and § 924(a)(2). (ECF No. 29 at 3-4). Section 922(g)(1) makes it "unlawful for

any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," to "possess in or affecting commerce, any firearm or ammunition..." 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that "[w]however knowingly violates subsection ... (g) ... shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

The firearms counts presented to the grand jury in the superseding indictment stated that Slocum did "knowingly possess" a firearm "in and affecting interstate commerce." (ECF No. 29 at 3-4). With respect to Count Three, the superseding indictment alleged that the firearm in question was a "revolver" and that it was possessed "[i]n or around July or August 2012, at or near Hamlin, Lincoln County, within the Southern District of West Virginia." (*Id*. at 3). With respect to Count Four, the superseding indictment charged Slocum with possessing "a 9 mm handgun," "[i]n or around November or December 2012, at or near Charleston, Kanawha County, West Virginia within the Southern District of West Virginia." (*Id*. at 4). Both counts asserted that, at the time Slocum possessed the firearms, he had been convicted of crimes "each of which was punishable by imprisonment for a term exceeding one year." (*Id*. at 3-4). The charges also included citations to the relevant statutes.

The charges contained in the superseding indictment thus largely track the statutory language, alleging that Slocum "knowingly possessed" a firearm, which was in and affected interstate commerce, while being a convicted felon and providing relevant factual details. The superseding indictment does not, however, specifically state that the use of the term "knowingly" applies to Slocum's status as a felon as well as his possession of the firearms. Slocum alleges that, in light of the holding in *Rehaif*, which requires the Government to prove a defendant knew both that he was possessing a firearm, and that

19

he was a felon, in order to obtain a conviction under this statute, this renders the indictment defective and the convictions invalid. (ECF No. 197 at 2). Numerous courts have considered this argument in the wake of *Rehaif*, and rejected it. *See United States v. Balde*, 943 F.3d 73, 89 (2d Cir. 2019) (holding that an indictment which "closely tracks the language of the statute while including specific allegations as to the time, place and nature of [the defendant's] conduct," but did "not expressly charge" that the defendant was aware of his prohibited status, was not insufficient in light of *Rehaif*); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (rejecting challenge to sufficiency of indictment pursuant to *Rehaif* under plain error review); *United States v. Schafer*, No. 3:19-CR-47 DRL-MGG, 2019 WL 4393682, at *1-3 (N.D. Ind. Sept. 12, 2019) (considering, in light of *Rehaif,* "whether the government must strictly allege in an indictment that a defendant knew he was a felon for it to survive a motion to dismiss," and concluding it need not); *United States v. Dollison*, No. 3:18-CR-00066-SLG, 2019 WL 5653197, at *2 (D. Alaska Oct. 31, 2019) (failure to specifically allege that defendants had knowledge of their status as felons in indictment not fatal to convictions); *United States v. Burghardt*, 939 F.3d 397, 402 (1st Cir. 2019) (declining to exercise discretion and excuse waiver to challenge to indictment which failed to allege knowledge of felon status); *United States v. Johnson*, 781 F. App'x 370, 371 (5th Cir. 2019) ("Nor do we see any merit in [the defendant's] claim that the indictment was fatally defective because it did not contain an essential element of the § 922(g) offense, namely, that [the defendant] knew of his status as a convicted felon.") (*per curiam*).

An additional hurdle for Slocum to clear is that he is attempting to challenge the sufficiency of the indictment after a verdict has been obtained and judgment has been entered. The Fourth Circuit has recognized that "[w]hen a post-verdict challenge to the

sufficiency of an indictment is made, every intendment is then indulged in support of ... sufficiency." *United States v. Quinn*, 359 F.3d 666, 673 (4th Cir. 2004) (quoting *United States v. Vogt*, 910 F.2d 1184, 1201 (4th Cir.1990)). This is because "[w]hen a challenge to an indictment is raised for the first time on appeal, the government has lost its usual remedy for a defect, obtaining a superseding indictment with little or no delay in the scheduled trial, and an entire trial must be repeated if a conviction is to be again sought." *United States v. Hamer*, 10 F. App'x 205, 210 (4th Cir. 2001) (internal quotations and alterations omitted) (*per curiam*). Accordingly, when a defendant raises a post-verdict challenge to the sufficiency of an indictment he must show that a defect was present in the indictment and "(1) the defect prejudiced the defendant; or (2) the defect is so serious that the indictment cannot reasonably be construed to charge a crime." *Id.* at 210-11 (citations omitted). The Fourth Circuit has previously concluded that the failure to expressly include a required interstate commerce element of a crime does not rise to this level of insufficiency. *Id.* at 211; *United States v. Bell*, 1 F.3d 1234 (4th Cir. 1993) (same).

Here, even assuming that the failure to specifically state that the *mens rea* of "knowingly" as utilized in the indictment applied to both the possession of the firearms and the status as a felon was a defect, it was not a defect serious enough to render the indictment so deficient it cannot reasonably be construed to charge a crime. The superseding indictment clearly laid out the facts necessary to convict, and tracked the statutory language while citing to the relevant statutes. (ECF No. 29 at 3-4). This is sufficient to set out a crime. *See e.g. United States v. Soriano-Enriquez,* 318 F. App'x 244, 245 (4th Cir. 2009).

The Supreme Court's disposition of the case in *Rehaif* makes clear that a defect of this nature does not render the indictment null. As noted by the United States Court of

Appeals for the Second Circuit when considering this issue, the Supreme Court in *Rehaif* "did not vacate the conviction and remand with instructions to dismiss the indictment, as it would have been required to do had the error it identified been jurisdictional. The Court instead remanded for the lower courts to consider whether any error in the jury instructions was harmless." *Balde*, 943 F.3d at 92. If, as Slocum alleges, the failure to specify in the indictment that the knowledge requirement of a § 922(g) charge applies to both the possession and prohibited status elements of the crime deprived a court of jurisdiction over a conviction obtained pursuant to such an indictment, the Supreme Court would have vacated the conviction in *Rehaif*, rather than merely remand it for harmless error review. *See* 139 S. Ct. at 2200. In light of this guidance, as well as Fourth Circuit law governing challenges to indictments which are raised after the verdict and in post-conviction habeas petitions, the undersigned **FINDS** that the indictment was sufficient.

As explained fully above, Slocum is clearly unable to demonstrate any prejudice stemming from this alleged defect, rendering his challenge meritless. *See e.g. Mouzon v. United States,* No. 2:03-CR-896-PMD, 2007 WL 9624840, at *12 (D.S.C. Oct. 9, 2007). There is simply no indication that Slocum was unaware of his status as a felon, or that the United States would have had any difficulty proving that his status. It is unfathomable that an individual who spent over 12 years in prison on four felony charges would be unaware that he had been convicted of a felony. As Slocum is unable to demonstrate any prejudice which resulted from this alleged defect, and the indictment cannot be said to be so deficient as to entirely fail to set out a crime, the undersigned **FINDS** that inclusion of this claim in Slocum's § 2255 petition would be futile.

### B. Second Amendment Claim

As observed by Respondent, (ECF No. 207 at 2), Slocum's somewhat imprecise challenge to the validity of his convictions can be construed as raising an independent challenge to the validity of Section 922 based on the Second Amendment. (ECF No. 199 at 2). To the extent Slocum is attempting to raise such a claim, it is clearly meritless and should be denied. The Fourth Circuit has previously rejected challenges to Section 922(g)(1) based on the Second Amendment. *See United States v. Moore*, 666 F.3d 313, 316 (4th Cir. 2012) ("We begin our analysis by noting the unanimous result reached by every court of appeals that § 922(g)(1) is constitutional, both on its face and as applied."); *see also Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017). The holding in *Rehaif* did nothing to disturb this precedent as it only considered the narrow question of whether, before the Government may validly punish an individual for possessing a firearm, it must prove the individual knew he belonged to a prohibited class of people. The *Rehaif* Court provided no indication that its analysis brought into question the validity of such prohibitions. Accordingly, to the extent Slocum is attempting to raise a Second Amendment challenge to his convictions under § 922(g), the undersigned **FINDS** such a challenge would be futile and should be denied.

### C. Request to take notice and apply *Gamble*

Slocum submitted a motion requesting that this Court apply a recent Supreme Court decision, *Gamble v. United States*, to his petition. (ECF No. 198). Slocum indicated his belief that this case supported his double jeopardy claim raised in his underlying petition, as well as his claims "regarding the Tenth Amendment and Commerce Clause." (*Id.* at 1). Respondent urges this Court to deny this motion and asserts that the case is not applicable to Slocum's petition. (ECF No. 207 at 13-14).

In *Gamble*, the Supreme Court considered whether it should overturn the "dual-sovereignty" doctrine of the double jeopardy clause of the Fifth Amendment. *See* 139 S. Ct. at, 1963. The dual-sovereignty doctrine provides that "a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign." *Id.* Accordingly, under the doctrine, it is not a violation of the double jeopardy clause's prohibition against punishing an individual twice for the "same offence" if a State prosecutes a defendant for a crime even though the Federal Government may have already prosecuted him for the same crime, or vice versa. *Id.* In the *Gamble* case, the Supreme Court ultimately declined to overturn this long-standing interpretation of the double jeopardy clause, finding that historical precedent supported the exception. *Id.*

The undersigned has previously considered and rejected Slocum's claim based on the double jeopardy clause in the PF&R recommending dismissal of his petition. (ECF No. 193). While Slocum discusses the case at length in his reply to Respondent's Omnibus Response, (ECF No. 210-1 at 25-28), he does not identify how any of the reasoning applied in *Gamble*, which considered the issue of dual-sovereignty, an issue not presented in Slocum's case, alters the recommendation regarding the dismissal of this claim.

Slocum additionally indicates that he believes the case supports his arguments regarding the commerce clause and Tenth Amendment, and quotes at length from a portion of a dissenting opinion to buttress this argument. (ECF No. 198 at 1-2). It is not clear specifically what arguments Slocum is referring to here. Slocum's § 2255 petition consisted of lengthy polemics against the encroaching power of federal criminal prosecution. (ECF No. 165). Where the undersigned was able to extricate cognizable legal arguments from Slocum's petition, they were addressed within the PF&R recommending dismissal. Nothing presented in *Gamble* alters the undersigned's recommendations

regarding Slocum's various challenges to federal authority.[3] Accordingly, the undersigned **FINDS** that Slocum's request to apply *Gamble* to his previously considered arguments should be denied.

### D. Request to take notice of recent decisions

Slocum submitted a filing entitled Slocum Moves for the Court to Take Notice of Two Recent Court Decisions Under *Rehaif*. (ECF No. 201). In the first case identified by Slocum, *United States v. Haag*, 773 F. App'x 1042 (10th Cir. 2019), the United States Court of Appeals for the Tenth Circuit granted a motion filed by the United States and the defendant in which the parties jointly requested that the defendant's conviction be vacated in light of the Supreme Court's decision in *Rehaif*. In the second case, *United States v. Mansfield*, No. 18-CR-00466-PAB, 2019 WL 3858511, *1 (D. Colo. Aug. 16, 2019), the United States District Court for the District of Colorado weighed a motion for acquittal in light of *Rehaif* filed by the defendant after the jury had entered its verdict, but before sentencing. The *Mansfield* Court granted the defendant's motion for acquittal, determining that, in light of *Rehaif*, the evidence presented at trial was insufficient, but, overriding the defendant's double jeopardy objections, granted the United States' motion for a new trial. *See* No. 18-CR-00466-PAB, 2019 WL 3858511 at *2-4. Due to the United States' failure to raise the question of plain error, and its apparent concession that the defendant was entitled to a new trial, the District of Colorado did not address the issue of

---

[3] The undersigned additionally notes that, to the extent Slocum cites to a footnote in a dissenting opinion authored by Justice Thomas in support of his arguments, this is unavailing both because dissenting opinions do not provide binding legal precedent, and because the portion cited by Slocum actually has the effect of refuting any claim that the federal statutes Slocum was convicted under are in excess of constitutional authority. Justice Thomas in his opinion decries the *current* expansive state of federal criminal jurisdiction, indicating his belief that it should be constrained in the future. *See Gamble*, 139 S. Ct. at 1980 n.1 (J. Thomas, dissenting). As this Court is bound by current Supreme Court precedent, however, this opinion has the effect of undermining rather than supporting any argument that the statutes relevant to Slocum's case currently violate the constitution.

plain error. *Id.* at *1 n.1.

These cases both originate from the Tenth Circuit and do not create binding precedent. Additionally, they both arose in different procedural postures and within separate contexts. Slocum here is attempting to vacate his convictions in a § 2255 proceeding, which is opposed by the United States. Neither case identified by Slocum is particularly persuasive with regard to his arguments for relief as, due to the procedural history in which they arose, neither case considered whether the defendant was required or able to identify prejudice stemming from any alleged errors. The undersigned has already considered Slocum's claims based on *Rehaif* and concluded they do not entitle him to relief. The cases identified by Slocum in this motion do not modify that recommendation.

Finally, to the extent Slocum's repeated references in this filing to Rule 33 of the Federal Rules of Criminal Procedure should be construed as an argument he is entitled to proceed under that rule, (ECF No. 201 at 2), this argument is flawed because he has introduced no new evidence as required to utilize Rule 33, and additionally, the time for filing under that Rule has expired. *See West v. United States*, No. 3:00-CR-6, 2009 WL 10677359, at *1 (N.D.W. Va. Sept. 11, 2009). Slocum additionally refers to Federal Rule of Criminal Procedure 48(a). (ECF No. 201 at 2-3). This rule provides that the Government may, with the permission of the court, voluntarily dismiss an indictment where the defendant consents. *See* Rule Fed. R. Crim. P. 48(a). As Respondent has made no such motion, and this case has already proceeded to trial and resulted in convictions, this Rule is not relevant here. Accordingly, the undersigned **FINDS** that the cases and rules identified by Slocum in this submission do not entitle Slocum to relief and the motion should be denied.

### E. Allegations Raised in Slocum's Response

In his response, Slocum asserts that Respondent's failure to respond to his argument he was entitled to relief under "Rule 29, in conjunction with Rule 45," means Respondent has forfeited this argument. (ECF No. 210-1 at 2). The undersigned was able to find a single reference to these rules in Slocum's various filings. In Slocum's request for this Court to take notice of recent cases he notes that a court in the Tenth Circuit "accepted a motion filed under Federal Rules of Criminal Procedure 29, in conjunction with Rule 45, to dismiss the indictment." (ECF No. 201 at 1-2).

In that same submission, Slocum goes on to discuss Federal Rules of Criminal Procedure 33 and 48(a). (*Id*. at 2-3). The undersigned has already considered these two rules above, and determined they are not applicable to this action. To the extent Slocum argues he is also entitled to relief under Federal Rules of Criminal Procedure 29 and 45, this argument lacks merit. Federal Rule of Criminal Procedure 29 governs motions for judgment of acquittal after the Government has presented its case, but before the jury has provided a verdict. *See* Fed. R. Crim. P. 29(a). The rule further provides that any such motion may be renewed up to 14 days after a guilty verdict. *See* Fed. R. Crim. P. 29(c)(1). Federal Rule of Criminal Procedure 45 describes methods used to compute and extend time under relevant federal rules. *See* Fed. R. Crim. P. 45(a). As Slocum in this case is attacking his convictions in a § 2255 motion, years after the jury rendered its verdict, these rules are simply not applicable, and any argument that Respondent has committed an error by failing to respond to Slocum's brief mention of these rules is unavailing. Accordingly, the undersigned **FINDS** that Slocum is not entitled to relief under either Rule 29 or 45 of the Federal Rules of Criminal Procedure.

In summation, the undersigned has considered all of Slocum's submissions and concluded they neither present any viable new independent claims for relief, nor alter the recommendation of dismissal of Slocum's initial § 2255 petition. Accordingly, the undersigned respectfully **RECCOMENDS** that the motions referred to the undersigned for consideration, (ECF Nos. 197, 198, 199, 201), be **DENIED** to the extent they request dismissal of Slocum's convictions or reconsideration of the recommendations contained in the PF&R.

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Movant's Motion for Leave to File the Attached Answer Beyond Page Limit, (ECF No. 210); **GRANT** Respondent's request for dismissal, (ECF No. 207); **DENY** Movant's Supplemental Motion to Dismiss the Indictment in Light of *Rehaif*, (ECF No. 197); Letter-Form Motion to Take Notice and Apply *Gamble* to Case, (ECF No. 198); Supplemental Motion to Amend His Argument Regarding § 922(g)(1) Claims in Light of *Rehaif*, (ECF No. 199); and Motion for the Court to Take Notice of Two Recent Court Decisions under *Rehaif*. (ECF No. 201).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, and counsel of record.

**FILED**: February 28, 2020

Cheryl A. Eifert
United States Magistrate Judge