UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIE SLOCUM, JR.,

      Movant,

v.                         Civil Case No. 2:17-cv-03759
                                 Criminal Case No. 2:13-cr-00274

UNITED STATES OF AMERICA,

      Respondent.


MEMORANDUM OPINION AND ORDER


      Pending are movant Willie Slocum, Jr.'s 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by a person in federal custody (ECF No. 165), filed August 4, 2017, and assorted related motions.


I.   Background


      This action was previously referred to United States Magistrate Judge Cheryl A. Eifert for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The respondent filed an answer and a motion to dismiss on December 21, 2017 (ECF No. 175), and the movant filed a motion for summary judgment on February 2, 2018 (ECF No. 176).  On May 6, 2019, the magistrate judge entered her PF&R recommending that

the court deny the movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255; deny the movant's motion for summary judgment; grant the respondent's motion to dismiss; and dismiss this civil action with prejudice. ECF No. 193 ("May 6, 2019 PF&R").  The movant filed timely objections to the May 6, 2019 PF&R on May 28, 2019, after receiving an extension.  ECF No. 196.

Before this court reviewed the objections, the movant filed: (1) a supplemental motion to dismiss the second superseding indictment ("the indictment") in light of Rehaif[1] (ECF No. 197); (2) a letter-form motion to take notice and apply Gamble[2] to his case (ECF No. 198); (3) a supplemental motion to amend his argument regarding 18 U.S.C. § 922(g)(1) claims in light of Rehaif (ECF No. 199); (4) a motion for the court to take notice of two recent court decisions under Rehaif (ECF No. 201); and (5) a motion for leave to file an "answer" beyond the page limit to the response to his supplemental motion (ECF No.

---

[1] Rehaif v. United States, 139 S. Ct. 2191 (2019).

[2] Gamble v. United States, 139 S. Ct. 1960 (2019).

210).[3]  The court referred the motions to United States Magistrate Judge Cheryl A. Eifert pursuant to 28 U.S.C. § 636(b)(1)(B).  On February 28, 2020, the magistrate judge entered her PF&R recommending that the court: (1) grant the movant's motion for leave to file the attached answer beyond page limit; (2) grant the respondent's request for dismissal; (3) deny the movant's supplemental motion to dismiss the indictment in light of Rehaif; (4) deny the movant's letter-form motion to take notice and apply Gamble to his case; (5) deny the movant's supplemental motion to amend his argument regarding § 922(g)(1) claims in light of Rehaif; and (6) deny the movant's motion for the court to take notice of two recent court decisions under Rehaif.  ECF No. 211 ("February 28, 2020 PF&R").  The movant timely filed objections to the February 28, 2020 PF&R on March 11, 2020.  ECF No. 212.

        The respondent has neither objected nor responded to either of the movant's objections.

_____

[3] This last motion is, in effect, a motion for leave to file a reply brief beyond the page limit that addresses the arguments raised by the United States in its response to his supplemental motion.  The movant attached a copy of his proposed reply to his motion for leave.  ECF No. 210-1.  The Court has considered the substance of the proposed reply as it relates to the movant's claims.

## II.   Legal Standard

Upon an objection, the court reviews a PF&R de novo.
Specifically, "[t]he Federal Magistrates Act requires a district
court to 'make a de novo determination of those portions of the
[magistrate judge's] report or specified proposed findings or
recommendations to which objection is made.'"   Diamond v.
Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir.
2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

## III. May 6, 2019 PF&R

The movant makes eighteen objections to the magistrate
judge's May 6, 2019 PF&R.  First, the movant objects to the
magistrate judge's finding that an evidentiary hearing is not
required.  ECF No. 196, at 1.  The movant argues that it would
benefit the court to hold an evidentiary hearing to receive
testimony from the movant's previous attorneys regarding their
litigation strategy and alleged failure to make certain
arguments.  Id. at 2-3.

"Unless it is clear from the pleadings and the files
and records that the prisoner is entitled to no relief, the
statute makes a hearing mandatory."  Raines v. United States,
423 F.2d 526, 529 (4th Cir. 1970).  Here, after conducting a
thorough examination of the movant's 28 U.S.C. § 2255 petition

4

and finding that the movant is clearly not entitled to relief, the magistrate judge correctly concluded that there is no basis in the record for an evidentiary hearing.

Second, the movant objects to the magistrate judge's finding that the United States did not violate the Tenth Amendment of the United States Constitution by charging the movant with conspiracy to distribute controlled substances.  ECF No. 196, at 4.  The movant again argues that the United States charged him with conspiracy to distribute controlled substances, when at most, he dispensed them.  Id.  However, the magistrate judge fully explored this argument in the PF&R.  Under the statutory definitions, "dispensing" applies when an individual delivers controlled substances "pursuant to the lawful order of, a practitioner[.]"  21 U.S.C. § 802(10).  In this case, the magistrate judge properly concluded that the movant cannot be charged with "dispensing" a controlled substance, regardless of whether or not "dispensing" can only apply to a practitioner, because "he was not charged with delivering drugs pursuant to any lawful authority, fraudulent or otherwise."  ECF No. 193, at 17.

Third, the movant objects to the magistrate judge's finding that movant's counsel was not ineffective for failing to challenge Counts I and II for violating Braverman.[4]  ECF No. 196, at 6.  Specifically, the movant claims that Supreme Court precedent forecloses a defendant from being charged with two counts of conspiracy based on one unlawful act because it would violate an individual's Fifth Amendment guarantee against double jeopardy.  Id. at 7.  The movant asserts that under Braverman, his indictment is multiplicitous because there are multiple counts of conspiracy under the same conspiracy statute when only one agreement is alleged.  Id. at 9-12.

"The double jeopardy clause clearly prohibits the division of a single criminal conspiracy into multiple violations of a conspiracy statute." United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir. 1986) (citing Braverman, 317 U.S. at 52-53).  "The traditional test used to determine whether separate indictments charge the same offense is the Blockburger 'same evidence' test." Id. (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).  The "same evidence" test determines "whether each provision requires proof of a fact which the other does not." Blockburger, 284

---

[4] The court assumes that the movant is referencing Braverman v. United States, 317 U.S. 49 (1942).

U.S. at 304.  "The same evidence test, however, is of limited value in deciding double jeopardy claims raised with respect to successive conspiracy prosecutions."  MacDougall, 790 F. 2d at 1144.  The Fourth Circuit has held that a flexible "totality of the circumstances" test is a valid approach that considers five factors: "(1) time periods in which the alleged activities of the conspiracy occurred; (2) the statutory offenses charged in the indictments; (3) the places where the alleged activities occurred; (4) the persons acting as co-conspirators; and (5) the overt acts or any other descriptions of the offenses charged which indicate the nature and scope of the activities to be prosecuted."  Id.

Here, both conspiracy counts contain the same location, dates, and potential co-conspirators.  However, the controlled substance that the movant is charged with conspiring to distribute is heroin in Count I and oxycodone in Count II.  ECF No. 29, at 1-2.  The magistrate judge correctly concluded that the heroin and oxycodone conspiracy offenses are distinct and do not violate the double jeopardy clause.  See United States v. Ivey, 722 F. App'x 336, 336 (4th Cir. 2018) ("Here, the crack cocaine and powder cocaine conspiracy offenses are distinct under Blockburger because each requires an element that the other does not: namely, the identity of the drug."

7

(citations omitted)).[5]  Moreover, when considering the totality
of the circumstances, including the movant's extensive
operations and network, a jury could reasonably find that the
movant engaged in separate conspiracies to distribute heroin and
oxycodone.  Based on the foregoing, it was not objectively
deficient for movant's counsel to not raise a double jeopardy
challenge.

Fourth, the movant objects to the magistrate judge's
finding that the indictment properly stated the elements of
conspiracy for Counts I and II.  ECF No. 196, at 17.  The
magistrate judge cited to United States v. Wilson, 135 F.3d 291
(4th Cir. 1998), when listing the elements necessary to prove a
conspiracy to commit an offense under § 841(a).  ECF No. 193, at
32.  The movant argues that Wilson does not apply to his case
because he was "not charged with the offense of possession with
intent of a controlled substance."  ECF No. 196, at 17.
Inasmuch as Wilson does lay out the proper elements for a drug
conspiracy conviction, the objection is without merit.

---

[5] As the movant notes, unpublished opinions are not binding
precedent in the Fourth Circuit.  See Hogan v. Carter, 85 F.3d
1113, 1118 (4th Cir. 1996); 4th Cir. R. 36(c).  Nevertheless,
the court finds the well-considered rationale offered by Ivey to
be helpful.

Fifth, the movant objects to the magistrate judge's finding that his counsel was not ineffective for declining to argue that the indictment was vaguely worded. ECF No. 196, at 18. The movant states that the elements of conspiracy in the indictment are convoluted and misplaced; however, the movant does not offer any further explanation. Id. As discussed by the magistrate judge, an indictment under 21 U.S.C. § 846 is sufficient if it "alleges a conspiracy to distribute drugs, identifies the time period in which the conspiracy allegedly operated, and specifies the statute allegedly violated." United States v. Black, 133 F.3d 917, at *1 (4th Cir. 1997) (unpublished). Here, since the conspiracy counts in the movant's indictment alleged a conspiracy to distribute the controlled substances heroin and oxycodone, identified the time period of the alleged conspiracy, and specified the statute allegedly violated, § 841(a)(1), the movant's objection is overruled.

Sixth, the movant objects to the magistrate judge's finding his counsel was not ineffective for declining to argue that Count V of the indictment was constitutionally deficient. ECF No. 196, at 18-19. The movant argues that the indictment must state the official proceeding that was the object of the movant's witness interference. Id. Inasmuch as the movant does

not present any new arguments of which the magistrate judge did not properly dispose, this objection is overruled.

Seventh, the movant objects to the magistrate judge's finding that his counsel was not ineffective for agreeing to stipulate to the interstate commerce element of the firearm charges because of the pending <u>Rehaif</u> decision.  ECF No. 196, at 19.  Specifically, the movant "objects to the Magistrate [Judge's] suggestions that expert testimony could have established that Slocum knew that the ostensible gun[s] [a]ffected commerce."  <u>Id.</u> (second alteration in original).

As discussed in further detail below, <u>Rehaif</u> held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.[6]  <u>Rehaif</u> did not, however, hold that the government must prove that a defendant knew he possessed a firearm <u>in or affecting commerce</u> in a prosecution under § 922(g).  Although a § 922(g) conviction requires that a firearm in question be possessed "in or affecting commerce," the Supreme Court explicitly noted that this is a jurisdictional element to which

---

[6] The court will subsequently refer to the latter element as "knowledge of status."

scienter does not apply.  Rehaif, 139 S. Ct. at 2196.  Thus, this objection is overruled.

Eighth, the movant objects to the magistrate judge's finding that his counsel was not ineffective for failing to argue that § 846 is void for vagueness.  ECF No. 196, at 19.  The movant argues that after Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the statute can be challenged as vague.  Id.  In Dimaya, the Supreme Court held that 18 U.S.C. § 16's definition of a crime of violence, as incorporated in the Immigration and Nationality Act, is unconstitutionally vague.  138 S. Ct. at 1207.  Since this holding does not affect the movant's case, the objection is overruled.

The movant's ninth objection is to the magistrate judge's finding that his counsel was not ineffective for failing to advise the movant that the respondent allegedly amended the indictment by presenting evidence related to the charge of "distributing" a controlled substance rather than "dispensing."  ECF No. 196, at 20.  As noted previously, the magistrate judge accurately found that the movant was properly charged and convicted of "distributing" drugs, not "dispensing" drugs, so this objection is overruled.

The movant's tenth objection is to the magistrate judge's finding that his counsel was not ineffective for failing to object to the jury instructions.  Id.  Specifically, the movant argues that the jury instructions should have included a drug-quantity element and an element that the defendant had knowledge of the drug involved.  Id.

In Alleyne v. United States, 570 U.S. 99, 116 (2013), the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury," a holding which applies to Slocum's conviction on Count One, conspiracy to distribute more than one kilogram of heroin.  And under 21 U.S.C. § 841(a)(1), the government must prove that the defendant "knew he was dealing with a 'controlled substance.'"  McFadden v. United States, 576 U.S. 186, 188-89 (2015).  The "knowledge requirement may be met by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was."  Id. at 192.  And as the magistrate judge noted, ECF No. 193, at 46, McFadden also provides that "[t]he knowledge requirement may [] be met by showing that the defendant knew the identity of the substance he possessed."  186 U.S. at 192.  "Because ignorance of the law is typically no defense to criminal prosecution, [a] defendant [who knows the identity of the substance he possessed] would also be

guilty of knowingly distributing 'a controlled substance.'"   Id.
(internal citation omitted).

In the movant's case, the jury was instructed as
follows:

> What the evidence in the case must show beyond a
> reasonable doubt as to each Count One and Count Two in
> order for the defendant to be convicted of that
> particular count, and it must be so shown
> independently of each other, is the following:
>
> First: That two or more persons, in some way or
> manner, positively or tacitly, came to a mutual
> understanding to try to accomplish a common and
> unlawful plan, as charged in each Counts One and Two
> of the indictment.
>
> . . .
>
> The second essential element of each of those counts
> is: That the object of the conspiracy of which is
> charged in Count One involved the distribution of more
> than 1 kilogram of heroin; and, separately and
> independently, that the object of the conspiracy
> charged in Count Two involved distribution of a
> quantity of Oxycodone, also known as Roxicodone;
>
> And lastly, the third essential element is: That the
> defendant willfully became a member of that conspiracy
> that is under consideration, as they will be by you
> separately, in Counts One and Two.
>
> . . .
>
> Let me note to you, intent is an element of the
> offense of conspiracy. For the crime of conspiracy to
> be proved, there must be evidence sufficient to
> warrant belief beyond a reasonable doubt that the
> defendant intentionally entered into an agreement to
> do an illegal act with the intention of consummating
> that act.

ECF No. 148, at 971:23-973:15.  As the magistrate judge found, "[t]he jury instructions [] appropriately addressed the rule that a conviction under the CSA must establish the defendant was aware he was distributing a controlled substance in the quantity alleged."  ECF No. 193, at 47.  The court complied with <u>McFadden</u> and <u>Alleyne</u>.  Accordingly, the tenth objection is overruled.

The movant's eleventh objection is to the magistrate judge's interpretation of <u>Southern Union Co. v. United States</u>, 567 U.S. 343 (2012).  ECF No. 196, at 23.  The movant argues that under <u>Southern Union Co.</u>, it is "unconstitutional to remove from the jury the specific dates that corrspond [sic] to the specific amounts of drugs."  <u>Id.</u>  The magistrate judge found that <u>Southern Union Co.</u> does not apply to this case.  ECF No. 193, at 49.  After reviewing the applicable law, the court agrees with the magistrate judge's interpretation, and this objection is overruled.

The movant's twelfth objection is to the magistrate judge's finding that his counsel was not ineffective for failing to convince the court of his <u>Collins</u>[7] argument.  ECF No. 196, at 24.  The movant argues that the jury instructions should have directly attributed a specific drug quantity to the movant.  <u>Id.</u>

---

[7] <u>United States v. Collins</u>, 415 F.3d 304 (4th Cir. 2005).

The movant does not present any new argument that the magistrate judge did not consider in the PF&R.  The court agrees with the magistrate judge's analysis of the <u>Collins</u> argument and would emphasize that the movant's counsel actually submitted a proposed jury instruction that accounted for the ruling in <u>Collins</u> and specifically cited to that case.  ECF No. 74, at 26. The court accordingly finds that the performance of the movant's counsel concerning this issue was not deficient under the standard announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Thus, this objection is overruled.

The movant's thirteenth objection is to the magistrate judge's finding that his counsel properly tested the government's case.  ECF No. 196, at 26.  The movant reiterates arguments previously discussed and disposed of, such as his counsel failing to identify the official proceeding or request the correct jury instructions.  <u>Id.</u>  Inasmuch as the movant does not present new arguments, this objection is overruled.

In the fourteenth objection, the movant objects to the magistrate judge's finding that his counsel was not ineffective for failing to argue a "defendant-specific" approach.  <u>Id.</u> at 27.  Since the court agrees with the magistrate judge that the movant is reframing the <u>Collins</u> argument, which was discussed previously, the objection is overruled.

15

The movant's fifteenth objection is to the magistrate judge's finding that he qualifies as a career offender. <u>Id.</u> The movant argues that the magistrate judge improperly analyzed this argument under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). <u>Id.</u> The movant states that his claim rests entirely on <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), to argue that he never qualified as a career offender, and since the magistrate judge misidentified the foundation of the movant's claim, the court cannot adopt the magistrate judge's PF&R. <u>Id.</u> at 27-28.

The magistrate judge recognized the holdings of <u>Johnson</u> and <u>Mathis</u> to discuss the movant's argument that "his previous felonies cannot be considered 'violent felonies' and his criminal history category placement is invalid as it was based on a finding he had committed a crime of violence under the Guidelines definition." ECF No. 193, at 58. In <u>Johnson</u>, the court held that the residual clause in the Armed Career Criminal Act of 1984 ("ACCA") was unconstitutionally vague. <u>Johnson</u>, 135 S. Ct. at 2563. In <u>Mathis</u>, the Supreme Court held that when the elements of the offense are broader than those of the generic offense, a defendant's conviction under that law cannot give rise to an ACCA sentence enhancement. <u>Mathis</u>, 136 S. Ct. at 2257. The magistrate judge properly dismissed the

argument by relying on <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017).  In <u>Beckles</u>, the Supreme Court held that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."  <u>Id.</u> at 890.  Since the Supreme Court's decisions regarding the ACCA's residual clause being void for vagueness do not apply to the career offender findings under the advisory Guidelines that the movant is challenging, the objection is overruled.

The movant's seventeenth objection is to the magistrate judge's finding that the movant's appellate attorney did not provide ineffective assistance of counsel by not raising all claims asserted by the movant.  The only argument the movant specifies in the objection is the defendant-specific argument. Inasmuch as the court disposed of the defendant-specific argument previously, this objection is also overruled.

The movant entitles the eighteenth and final objection as: "In Slocum's arguments he argued that each of his claims can be free-standing because he has made every attempt to avoid the Odyssean twist of the AEDPA, including Scylla of the second-or-successive bars and the Charybdis [sic] of any statute-of-limitations."  ECF No. 196, at 29.  In the body of the objection, the movant argues, without explanation, that he has established both cause and prejudice for his "per se

17

sentencing matters." Id.  The court assumes that the movant refers to the cause and prejudice standard for overcoming procedural defaults of arguments raised for the first time in § 2255 motions.  See, e.g., United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012).  Since the movant is unable to satisfy this standard under any of his claims addressed in the May 6, 2019 PF&R, this objection is also overruled.[8]

## IV.   February 28, 2020 PF&R

The February 28, 2020 PF&R, as well as the objections thereto, relate to issues that fall into two broad categories: those that concern the Supreme Court's decision in Rehaif and those that do not.  The court will review the latter objections de novo.  In light of recent caselaw, the court will review all of the movant's Rehaif arguments de novo.

### A.   Issues Unrelated to Rehaif

The court initially turns to the objections that do not concern Rehaif.  First, the movant objects to the magistrate judge's finding that the holding in Gamble does not entitle him to relief.  ECF No. 212, at 19.  Specifically, the movant claims

---

[8]   In the succeeding section of this memorandum opinion and order, the court addresses the procedural default of the movant's Rehaif arguments raised after his May 28, 2019 objections to the May 6, 2019 PF&R.

that the court in Gamble held that an "'offence' is defined by a law . . . [s]o where there are two sovereigns, there are two laws, and two 'offences.'" Id. Based on this reasoning, the movant argues that since Counts I and II of the indictment are both under the same law, 21 U.S.C. § 846, they amount to the same offense, which violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. Id.

Count I charged the movant with conspiracy to distribute more than one kilogram of heroin. ECF No. 29, at 1. Count II charged the movant with conspiracy to distribute a quantity of oxycodone. Id. at 2. As discussed previously, the counts are two distinct offenses, so the double jeopardy clause is not violated. Inasmuch as the holding in Gamble affects only the dual-sovereignty doctrine, this objection is overruled.

Second, the movant objects to the magistrate judge's finding that Federal Rule of Criminal Procedure 29 ("Rule 29") does not entitle the movant to relief. ECF No. 212, at 21. The movant argues that since the United States did not address the movant's argument regarding Rule 29, the United States waived the argument. Id. Under Rule 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient

19

to sustain a conviction."  Fed. R. Crim. P. 29(a).  "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict[.]"  Fed. R. Crim. P. 29(c)(1).  The magistrate judge concluded that since the movant filed a § 2255 motion years after his guilty verdict, Rule 29 is not applicable.  The court agrees, and this objection is overruled.

Insofar as the February 28, 2020 PF&R addresses issues that are not related to the movant's <u>Rehaif</u> arguments, the PF&R is adopted and incorporated.  Likewise, all objections that do not relate to <u>Rehaif</u> are overruled.

### B.  <u>Issues relating to Rehaif</u>

The court now turns to the <u>Rehaif</u> issues raised by the movant.  The movant argues that his two § 922(g)(1) convictions for felon in possession of a firearm should be vacated because the two § 922(g) counts of the indictment in his case, Counts III and IV, did not charge that he knew his status as a convicted felon when he allegedly possessed the firearms at issue.  ECF No. 197.  He primarily points to the indictment itself, which ostensibly lacks a knowledge of status allegation,

ECF No. 29, in support of his motion.  ECF No. 197, at 2.  He also indicates that he was, on the dates alleged in the indictment, "of the belief the Second Amendment permit[ted] him to have a firearm for protection" and asserts that the government offered no evidence to suggest that he was not protected by the Second Amendment.  ECF No. 199, at 2.  In his most recent substantive filing, a letter submitted on September 11, 2020 after he filed objections to the February 28, 2020 PF&R, the movant also cites the Fourth Circuit decision in United States v. Medley, 972 F.3d 399 (4th Cir. 2020), in support of his motion to vacate.  ECF No. 214.

The respondent argues that Slocum has procedurally defaulted his Rehaif claim because he did not raise the issue of knowledge of status at trial or on direct appeal.  ECF No. 207, at 5.  Further, the respondent contends that the movant cannot overcome the procedural default because he cannot show cause and prejudice, actual innocence, or a miscarriage of justice.  Id. at 5-12.  Specifically, the respondent states that Slocum cannot demonstrate cause because the Rehaif claim is not novel inasmuch as the issue was "thoroughly and repeatedly litigated in courts of appeals over the last three decades."  Id., at 6.  The respondent also argues that the failure to argue knowledge of status at the trial and direct appeal stages of the criminal

proceeding did not prejudice Slocum inasmuch as his total sentence of incarceration, 360 months' imprisonment, would remain if the two § 922(g) charges were invalidated.[9]  <u>Id.</u>, at 7-9.  The respondent offers a similar argument to claim that no miscarriage of justice occurred.  <u>Id.</u>, at 11.  Finally, the respondent insists that Slocum cannot reasonably establish actual innocence because the evidence in the record strongly indicates that he knew he was a convicted felon on the dates charged in the indictment.  <u>Id.</u>, at 9-11.

The movant replies that he can establish both "cause and prejudice" and actual innocence.  ECF No. 210-1, at 15.  As to cause, the movant argues that the knowledge of status argument was sufficiently novel to excuse his failure to argue the issue during trial or on direct appeal because <u>Rehaif</u> was "a decision [that] overturn[s] a longstanding and widespread practice to which [the Supreme Court] has not [previously] spoken, but which near-unanimous body of lower court authority has expressly approved."  <u>Id.</u>, at 17 (quoting <u>Reed v. Ross</u>, 468 U.S. 1, 17 (1984)) (alterations added).  The movant states that

---

[9] Slocum received a term of 360 months' imprisonment for his conviction on Count I of the indictment, conspiracy to distribute more than one kilogram of heroin.  ECF No. 131, at 3. The sentences imposed for all other charges, including the two felon in possession charges, run concurrently with the Count I sentence to produce a total term of incarceration of 360 months' imprisonment.  <u>Id.</u>

he was prejudiced by the failure of the indictment to include a knowledge of status allegation because: (1) he was subjected to a special assessment of $100 for each of his convictions; (2) the unlawful § 922(g) convictions give rise to a societal stigma; and (3) the convictions could carry other collateral consequences, such as a delay in eligibility for parole, a harsher sentence for future offenses under recidivist statutes, and credibility impeachment in future legal proceedings.  Id., at 19-22.  He also argues that he was inherently prejudiced because his substantial rights were violated when the indictment did not allege knowledge of status.  Id., at 22-24.  With regard to actual innocence, the movant asserts that his case meets the demanding standard because he thought he had a Second Amendment right to possess firearms on the dates alleged in the indictment and no firearms were actually found in the case.  Id., at 12, 15.

Generally, the doctrine of procedural default provides that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003) (citations omitted).  It "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments."  Id.

Where a defendant has procedurally defaulted an argument, he can only raise it in a collateral attack by establishing "cause and prejudice" or "actual innocence."[10]  E.g., Fugit, 703 F.3d at 253 (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

        Turning first to cause and prejudice, the court finds that the movant cannot establish either prong to overcome the procedural default.  As for cause, the Supreme Court's decision in Bousley is instructive.  In Bousley, the habeas movant pled guilty in 1990 to the crime of using a firearm "during and in relation to a drug trafficking crime," in violation of 18 U.S.C. § 924(c).  Bousley, 523 U.S. at 616.  He later challenged the factual basis for his guilty plea in a § 2255 motion, and after he appealed the district court's denial of that motion, the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995), holding that "a conviction for use of a firearm under § 924(c)(1) requires the Government to show 'active employment of the firearm.'"  Id. at 617 (quoting Bailey, 516 U.S. at 144).  The petitioner then presented a § 2255 claim relating to this

---

[10] "Actual innocence" is sometimes grouped with the term "miscarriage of justice" in the procedural default context, but in effect, the terms are interchangeable.  See, e.g., United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) ("A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice' requirement." (citation and internal quotation marks omitted)).

new understanding of § 924(c)(1)'s use element to the Eighth
Circuit and, ultimately, the Supreme Court.  Id. at 617-18.

      The Supreme Court held, inter alia, that the
petitioner had procedurally defaulted his Bailey claim by not
raising it on direct appeal.  Id. at 622.  The Court rejected
the petitioner's argument that the Bailey claim satisfied cause
for the purposes of overcoming the procedural default inasmuch
as it could not be said to have been such a novel argument that
it was not "reasonably available" to his defense counsel during
his direct appeal.  Id. (citing Reed, 468 U.S. at 16).  This was
so because "at the time of petitioner's plea, the Federal
Reporters were replete with cases involving challenges to the
notion that 'use' is synonymous with mere 'possession.'"  Id.
(citations omitted).  The Court likewise rejected the argument
that raising such a claim prior to the 1995 Bailey decision
would have been futile because "futility cannot constitute cause
if it means simply that a claim was 'unacceptable to that
particular court at that particular time.'"  Id. at 623 (quoting
Engle v. Isaac, 456 U.S. 107, 130 n. 35 (1982)).

      As was the case for the petitioner in Bousley, the
movant has failed to demonstrate cause to excuse his procedural
default.  The knowledge of status argument had been litigated
for years prior to the inception of the movant's underlying

criminal proceeding and the Supreme Court's decision in Rehaif.
See, e.g., United States v. Butler, 637 F.3d 519, 524 (5th Cir.
2011) (collecting cases); United States v. Langley, 62 F.3d 602,
605-606, 608 (4th Cir. 1995) (an en banc decision in which 4
judges of this circuit dissented by urging adoption of the
principle ultimately decreed in Rehaif).  The movant nearly
acknowledges as much with a citation to then-Judge Gorsuch's
2010 opinion in United States v. Games-Perez, 699 F.3d 1104
(10th Cir. 2010), in which the future justice advocated for a
reading of § 922(g) that requires the government to prove
knowledge of status.  ECF No. 210-1, at 11 (citing Games-Perez,
699 F.3d at 1119 (Gorsuch, J., dissenting from the denial of
rehearing en banc)).  The Rehaif knowledge of status argument
was not novel at the time of the movant's trial or direct
appeal, and no futility argument grounded in prior Fourth
Circuit precedent will serve to establish cause under Bousley.
Accordingly, the court concludes that the movant has failed to
demonstrate cause to excuse his procedural default.

        As for prejudice, the respondent correctly observes
that the movant's total term of incarceration would not be
affected if the Rehaif claim could successfully overturn the §
922(g) convictions.  But this argument does not address
prejudice as to the § 922(g) charges and convictions themselves.

With respect to the movant's § 922(g) charges and convictions,
neither the indictment nor the jury instructions accounted for
the § 922(g) knowledge of status element.  <u>See</u> ECF No. 29, at
3-4; Trial Tr., ECF No. 148, at 982:11-20.

        Still, the recent Supreme Court decision in <u>Greer v.
United States</u>, 141 S. Ct. 2090 (2021), which was issued after
the <u>Medley</u> case cited by the movant, is instructive.  The <u>Greer</u>
court heard consolidated appeals from an Eleventh Circuit case,
<u>Greer</u>, 798 F. App'x 483 (11th Cir. 2020), in which the
defendant, who had stipulated that he was a felon, did not
request or receive a jury instruction requiring that the jury
find that he knew he was a felon when he possessed a firearm, as
well as a Fourth Circuit case, <u>United States v. Gary</u>, 954 F.3d
194 (4th Cir. 2020), in which the plea colloquy did not advise
the defendant, who had admitted that he was a felon when he pled
guilty, that a jury must find that he knew he was a felon when
he possessed the firearms in question if he decided to stand
trial.  141 S. Ct. at 2097-98.

        Addressing whether these failures to account for
<u>Rehaif's</u> knowledge of status element constituted plain-error on
appeal, the Court held:

        In felon-in-possession cases, a <u>Rehaif</u> error is not a
        basis for plain-error relief unless the defendant
        first makes a sufficient argument or representation on

27

> appeal that he would have presented evidence at trial
> that he did not in fact know he was a felon.  When a
> defendant advances such an argument or representation
> on appeal, the court must determine whether the
> defendant has carried the burden of showing a
> "reasonable probability" that the outcome of the
> district court proceeding would have been different.
> Because Greer and Gary did not make any such argument
> or representation on appeal in these cases, they have
> not satisfied the plain-error test.

Id. at 2100.  The Court noted that a defendant faces "an uphill climb" to make such a showing, reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." Id. at 2097; see also id. ("Felony status is simply not the kind of thing that one forgets.") (quoting Gary, 963 F.3d 420, 423 (Wilkinson, J., concurring in denial of reh'g en banc)).  The defendants in Greer could not meet this burden since:

> [b]efore their respective felon-in-possession
> offenses, both Greer and Gary had been convicted of
> multiple felonies.  Those prior convictions are
> substantial evidence that they knew they were felons.
> Neither defendant has ever disputed the fact of their
> prior convictions.  At trial, Greer stipulated to the
> fact that he was a felon.  And Gary admitted that he
> was a felon when he pled guilty.  Importantly, on
> appeal, neither Greer nor Gary has argued or made a
> representation that they would have presented evidence
> at trial that they did not in fact know they were
> felons when they possessed firearms.  Therefore, Greer
> cannot show that, but for the Rehaif error in the jury
> instructions, there is a reasonable probability that a
> jury would have acquitted him.  And Gary likewise
> cannot show that, but for the Rehaif error during the
> plea colloquy, there is a reasonable probability that
> he would have gone to trial rather than plead guilty.

Id. at 2097-98.

The Supreme Court also disagreed with several of the defendants' arguments pertinent to the present inquiry. First, the Court rejected Greer's "conten[tion] that an appellate court may not consider information about a defendant's prior convictions contained in a pre-sentence report" when addressing a plain-error <u>Rehaif</u> challenge, finding instead that "when an appellate court conducts plain-error review of a <u>Rehaif</u> instructional error, the court can examine relevant and reliable information from the entire record — including information contained in a pre-sentence report." <u>Id.</u> at 2098. Second, the Court rejected Gary's argument, endorsed by the Fourth Circuit below, <u>Gary</u>, 954 F.3d at 198, that <u>Rehaif</u> errors constitute structural errors "requir[ing] automatic vacatur in <u>every</u> case without regard to whether a defendant can otherwise satisfy the plain-error test." <u>Greer</u>, 141 S. Ct. at 2099-2100 (emphasis in original). The Court reasoned that "the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy" are "discrete defects in the criminal process" that do not amount to structural errors inasmuch as "they do not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" <u>Id.</u> at 2100 (emphasis omitted) (quoting <u>Neder v. United States</u>, 527 U.S. 1, 9 (1999)).

The Fourth Circuit has since applied plain-error review to a <u>Rehaif</u> challenge in <u>United States v. Caldwell</u>, --- F.4th ----, 2021 WL 3356951 (4th Cir. Aug. 3, 2021).  As is true in this case, the defendant in <u>Caldwell's</u> "indictment did not indicate, and the jury was not instructed, that the [§ 922(g)] charge required the government to prove that he <u>knew</u> he was a felon at the time of the firearm possession."  <u>Id.</u> at *13 (emphasis in original).  The Fourth Circuit nonetheless upheld the defendant's conviction in light of <u>Greer</u>, noting that:

> the same factors that the Supreme Court found relevant in dismissing the <u>Rehaif</u> challenge in <u>Greer</u> are present here.  Before the date of the robbery [in connection with which, Caldwell possessed a firearm], Caldwell had been convicted of multiple felonies.  He has never disputed the validity of these felony convictions, and indeed, he stipulated at trial to having had such a conviction.  We also note that Caldwell had, on several occasions, served sentences longer than a year — including two stints of more than five years each in federal prison — making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences.

<u>Id.</u> at *14.

It is also notable that several district courts within the Fourth Circuit have applied <u>Greer</u> when determining that § 2255 movants could not meet the prejudice prong of the standard for overcoming procedural defaults.  <u>See</u> <u>United States v. Campbell</u>, No. 7:15-cr-42, 2021 WL 3375721, at *8-9 (W.D. Va. Aug. 3, 2021) (Urbanski, C.J.); <u>United States v. Sumter</u>, No.

3:02-cr-00499-CMC, 2021 WL 3173176, at *11-12 (D.S.C. July 27, 2021) (Currie, J.); United States v. Crawley, No. 4:15CR00001, 2021 WL 2910724, at *2-3 (W.D. Va. July 12, 2021) (Jones, J.). And it is well-established that the cause and prejudice standard for overcoming procedural defaults presents movants with a greater burden than plain-error review, which was addressed in Greer. See, e.g., United States v. Frady, 466 U.S. 152, 166-168 (1982).

When considered in light of this caselaw, the facts of the movant's case indicate that he cannot establish that the Rehaif errors prejudiced him insofar as his § 922(g) convictions are at issue. The movant stipulated at trial that he "ha[d] been convicted of a crime punishable by imprisonment for a term exceeding one year," that he "is a convicted felon," and that he had "not had his civil rights restored to possess a firearm." Trial Tr., ECF No. 147, at 884:25-885:6. Indeed, the Presentence Investigation Report indicates that the movant has multiple felony convictions, including assault with intent to murder and second-degree murder, for which he actually served over eleven years in prison before his parole in 2011. Presentence Investigation Report, ECF No. 135, at ¶¶ 130-131. Perhaps more tellingly, he has two prior state court convictions for "felony firearms" offenses. Id. This information in the

record overwhelmingly indicates that the movant knew of his
felon status at the relevant times alleged in the indictment.
Accordingly, the court finds that even if cause has been met,
the movant cannot demonstrate prejudice to overcome the
procedural default.

Turning to actual innocence, the movant faces a high
burden.  "[A]ctual innocence means factual innocence, not mere
legal insufficiency."  Bousley, 523 U.S. at 624 (citation and
internal quotation marks omitted).  "To establish actual
innocence, [a movant] must demonstrate that, 'in light of all
the evidence,' 'it is more likely than not that no reasonable
juror would have convicted him.'"  Id. at 623 (quoting Schlup v.
Delo, 513 U.S. 298, 327-28 (1995)).

The movant's actual innocence arguments are similarly
unpersuasive.  He has cited no new evidence to demonstrate his
innocence.  Moreover, the record does not suggest that no
reasonable juror would have convicted him had the government
been required to prove knowledge of status at trial.  To the
contrary, the evidence that he knew of his felon status when he
possessed the firearms is overwhelming, as indicated in the
above discussion of prejudice.

The movant attempts to refocus the court's attention
to his claim that he "was not aware that he was in a class of

citizens <u>prohibited from possessing a firearm</u>" based on his belief that he had a Second Amendment right to do so. ECF No. 210-1, at 3, 9, 11 (emphasis added). In other words, he offers an "ignorance of the law" argument that he did not believe that his conduct was proscribed by law.

<u>Rehaif</u> only recognized a knowledge of status element, which would require, in Slocum's case, proof that he knew he was a convicted felon during the relevant times alleged in the indictment. <u>See</u> <u>Rehaif</u>, 139 S. Ct. at 2200. The <u>Rehaif</u> court itself distinguished this knowledge of status element from ignorance of the law arguments. <u>Rehaif</u>, 139 S. Ct. at 2198. And courts have routinely rejected the proposition that <u>Rehaif</u> permits an ignorance of the law defense to § 922(g) prosecutions. <u>See</u>, <u>e.g.</u>, <u>United States v. Boyd</u>, 999 F.3d 171, 182 (3d Cir. 2021); <u>United States v. Trevino</u>, 989 F.3d 402, 405 (5th Cir. 2021); <u>United States v. Robinson</u>, 982 F.3d 1181, 1187 (8th Cir. 2020); <u>United States v. Paul</u>, 826 F. App'x 809, 813 n. 2 (11th Cir. 2020); <u>United States v. Maez</u>, 960 F.3d 949, 955 (7th Cir. 2020); <u>United States v. Bowens</u>, 938 F.3d 790, 797 (6th Cir. 2019).

Slocum stipulated at trial that his civil rights to possess firearms had not been restored. It is accordingly unlikely that he believed he lawfully possessed firearms at the

time of his § 922(g) offenses or did not know that he was prohibited from possessing those firearms.  But even if the movant held such beliefs, they would not be material to his convictions.  They do not, in any manner, suggest that he is actually innocent of the § 922(g) offenses.[11]

Inasmuch as the movant has failed to demonstrate "cause and prejudice" or actual innocence, the movant cannot overcome the procedural default of his <u>Rehaif</u> claim.  And having reviewed the movant's objections relevant to the PF&R that addresses the <u>Rehaif</u> claim, the court finds no reason to excuse the procedural default.  Thus, to the extent his supplemental filings seek substantive relief under <u>Rehaif</u>, those requests are denied and corresponding objections are overruled.

## V.   <u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Petitioner's objections to both the May 6, 2019 PF&R and the February 28, 2020 PF&R (ECF Nos. 196 and 212) be, and they hereby are, overruled.

---

[11] Insofar as the movant claims actual innocence because his convictions were unconstitutional under the Second Amendment, the court agrees with Magistrate Judge Eifert's assessment that this argument is without merit.  <u>See</u> ECF No. 211, at 23; <u>Moore v. United States</u>, 666 F.3d 313, 316-20 (4th Cir. 2012).

2.  The magistrate judge's PF&R entered May 6, 2019 (ECF No.
    193), be, and it hereby is, adopted and incorporated in
    full.

3.  The respondent's motion to dismiss (ECF No. 175), filed
    December 21, 2017, be, and it hereby is, is granted.

4.  The movant's motion for summary judgment (ECF No. 176),
    filed February 22, 2018, be, and it hereby is, is denied.

5.  The magistrate judge's PF&R entered February 28, 2020 (ECF
    No. 211), be, and it hereby is, adopted, in part,
    consistent with Sections IV and V of this memorandum
    opinion and order.

6.  The movant's supplemental motion to dismiss the indictment
    in light of Rehaif (ECF No. 197), filed July 11, 2019, be,
    and it hereby is, denied.

7.  The movant's letter-form motion to take notice and apply
    Gamble to his case (ECF No. 198), filed July 25, 2019, be,
    and it hereby is, denied.

8.  The movant's supplemental motion to amend his argument
    regarding § 922(g)(1) claims in light of Rehaif (ECF No.
    199), filed August 15, 2019, be, and it hereby is, granted

insofar as he moves to amend his § 2255 claim in light of
<u>Rehaif</u> and is otherwise denied.

9.  The movant's motion for the court to take notice of two
recent court decisions under <u>Rehaif</u> (ECF No. 201), filed
September 18, 2019, be, and it hereby is, granted.

10. The respondent's request for dismissal (ECF No. 207),
filed December 20, 2019, be, and it hereby is, granted.

11. The movant's motion for leave to file the attached reply
beyond page limit (ECF No. 210), filed January 31, 2020,
be, and it hereby is, granted.

12. The movant's motion under 28 U.S.C. § 2255 to vacate, set
aside or correct sentence by a person in federal custody
(ECF No. 165), filed August 4, 2017, be, and it hereby is,
denied, in its entirety.

13. This civil action be, and it hereby is, dismissed with
prejudice.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: August 20, 2021

John T. Copenhaver, Jr.
Senior United States District Judge